UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF INDEPENDENT FITNESS FACILITIES )
AND TRAINERS, INC., et al.,                )
     Plaintiffs,    )
           ) No. 1:20-cv-458
-v-                                         )
           ) Honorable Paul L. Maloney
GRETCHEN WHITMER and                        )
ROBERT GORDON,                              )
     Defendants.    )
           )

## ORDER DENYING MOTION TO STAY PENDING APPEAL

This matter is before the Court on Defendants' emergency motion to stay pending appeal (ECF No. 44). Defendants seek to stay the Court's June 19, 2020 Order granting Plaintiffs' request for a preliminary injunction (ECF No. 42), which they have appealed (ECF No. 43). Plaintiffs oppose the motion to stay (ECF No. 48, 49). For the reasons to be stated, the Court will deny the motion.

The Federal Rules of Civil Procedure grant district courts the power to stay an injunction pending appeal: "While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). In deciding whether to issue a stay under Rule 62(d), the Court must consider the same factors analyzed when issuing injunctive relief:

> (1) whether the defendant has a strong or substantial likelihood of success on the merits; (2) whether the defendant will suffer irreparable harm if the district

> court proceedings are not stayed; (3) whether staying the district court proceedings will substantially injure other interested parties; and (4) where the public interest lies.

*Baker v. Adams County/Ohio Valley School Bd.*, 310 F.3d 927, 928 (6th Cir. 2002). As with injunctive relief, the factors must be balanced, and the "strength of the likelihood of success on the merits that needs to be demonstrated is inversely proportional to the amount of irreparable harm that will be suffered if a stay does not issue." *Id.* Importantly, to justify a stay, the defendant "must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Id.*

## I. Likelihood that Defendants Will Prevail on the Merits of Their Appeal

Defendants argue that they are likely to prevail on the merits of their appeal for three reasons. First, they argue that the issuance of a preliminary injunction disrupted the status quo rather than preserving it. However, there is no "particular magic in the phrase 'status quo.' " *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). The purpose of a preliminary injunction is to prevent irreparable injury; this is often, but not always, achieved by preserving the status quo. *Id.* But "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury." *Id.* The focus must be on the prevention of injury, not merely preservation of the status quo.

Second, Defendants contend that the issuance of the preliminary injunction implicates substantial separation of powers concerns. This argument appears to be a motion for reconsideration disguised as a motion for stay pending appeal. In any event, as the Court

previously explained, the separation of powers concerns embodied in *South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613 (Mem) (U.S. 2020) (Roberts, C.J., concurring), are highly relevant to the dispute at hand. The Court took those concerns into account and applied them to Defendants' arguments against the motion for preliminary injunction. Nothing presented to the Court today changes the analysis set forth in the June 19, 2020 Opinion.

Third, Defendants argue that the Court improperly applied a heightened standard for rational basis review and for review under *Jacobsen v. Commonwealth of Massachusetts*, 197 U.S. 11, 29 (1905). Again, this is an argument more suited to a motion for reconsideration than a motion to stay pending appeal. Regardless, the Court treated Defendants' position with the utmost deference, and sought only *some* rational basis for the continued closure of indoor gyms while other similar businesses may open. Defendants have not presented that to the Court, whether through argument or evidence.[1]

In short, Defendants' motion to stay pending appeal presents nothing to change the likelihood of success analysis, so the Court cannot conclude that Defendants are likely to prevail on appeal.

## II.     Risk of Irreparable Harm to Defendants and the Public Interest

Defendants maintain that the injunction is an unwarranted intrusion into the State's police powers, and that "judicial tinkering" in the pandemic response plan will create a

---

[1] The Court notes that, even in their motion to stay pending appeal, Defendants do not put forth a rational basis for the distinction between gyms and other indoor gatherings. Defendants simply refer to "the reasons offered for why indoor fitness facilities present a particularly heightened risk of [virus] spread" without so much as naming those reasons. (ECF No. 45 at PageID.1139.) As the Court has previously outlined, Defendants have not proffered a reason to treat indoor gyms dissimilarly than other businesses or activities that have since been allowed to open.

patchwork of "regional and industry-specific carveouts." (ECF No. 45 at PageID.1145). Under the same heading, Defendants make a passing reference to the public interest, arguing that it is served by avoiding such a patchwork, carved-out response. However, Defendants themselves have created a patchwork response: gyms are open in parts of the state but not others, and most other industries have had their own "reopening" dates, staggered throughout the months of May and June (*see, e.g.*, EO 2020-115, ECF No. 33-16, which eases most restrictions on the upper peninsula and parts of the lower peninsula, and allows "personal touch" businesses to open statewide). The Court is not persuaded that the issuance of an injunction adds any unwarranted "carve-outs" to the Defendants' pandemic response, nor is it persuaded that the injunction harms the public interest.

### III.   Risk of Substantial Injury to Other Parties

Here, Defendants argue that Plaintiffs are not subject to substantial harm if the stay is granted, but they avoid mentioning the fact that Plaintiffs are facing grave financial harm because they have been closed for over 90 days with no reopening date in sight. Again, nothing Defendants argue today changes the Court's conclusion that absent issuance of the injunction, Plaintiffs are at risk of irreparable harm.

### IV.   Conclusion

Defendants have not demonstrated "serious questions going to the merits" or "irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted." *Baker,* 310 F.3d at 928. Therefore, the balance of the factors again falls in Plaintiffs' favor, and the Court concludes that its June 19, 2020 Order should not be stayed pending appeal. Accordingly,

5

**IT IS HEREBY ORDERED** that Defendants' motion to stay pending appeal (ECF No. 44) is **DENIED.**

**IT IS SO ORDERED.**

Date: June 22, 2020                                                                  /s/ Paul L. Maloney
                                                                                                  Paul L. Maloney
                                                                                                  United States District Judge