## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed:  February 03, 2021

Mr. Christopher Mark Allen
Mr. Joshua Otho Booth
Mr. John G. Fedynsky
Mr. Joseph T. Froehlich
Mr. Andrew Jurgensen
Office of the Attorney General of Michigan
P.O. Box 30758
Lansing, MI 48909

Mr. Scott M. Erskine
Ms. Carly Ann Van Thomme
612 W. University Drive
Rochester, MI 48307

Re:  Case No. 20-1581, *League of Independent Fitness, et al v. Gretchen Whitmer, et al*
Originating Case No. : 1:20-cv-00458

Dear Counsel,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Cathryn Lovely
Opinions Deputy

cc:  Mr. Thomas Dorwin

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR PUBLICATION**
**File Name:  21a0069n.06**

**No. 20-1581**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

LEAGUE OF INDEPENDENT FITNESS
FACILITIES AND TRAINERS, INC., et
al.,

      **Plaintiff-Appellee,**

v.

GOVERNOR GRETCHEN WHITMER, et
al.,

      **Defendant-Appellant.**

**FILED**
Feb 03, 2021
DEBORAH S. HUNT, Clerk

**ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN**

**BEFORE:    CLAY, READLER, and MURPHY, Circuit Judges.**

      **CLAY, Circuit Judge.**   Beginning in March 2020, Defendant Governor Gretchen

Whitmer issued a series of executive orders in an attempt to mitigate the severe public health risk

posed by the COVID-19 pandemic, and Defendant Robert Gordon, the then Director of the

Michigan Department of Health and Human Services, issued an emergency order authorizing local

health departments to enforce the Governor's executive orders. Several of the executive orders

mandated the closure of certain indoor exercise facilities. In June 2020, Plaintiffs, a trade

organization that represents over 150 fitness facilities throughout Michigan and a number of

individual companies that own and operate fitness businesses in Michigan, obtained a preliminary

injunction enjoining Governor Whitmer and Director Gordon from enforcing the challenged

orders. Defendants appealed, and a panel of this Court stayed the district court's injunction pending

appeal. For the reasons set forth below, we now **DISMISS** the appeal for lack of jurisdiction.

Case No. 20-1581, *League of Independent Fitness Facilities, et al. v. Whitmer, et al.*

## BACKGROUND

On March 10, 2020, pursuant to Michigan's Emergency Management Act of 1976 ("EMA"), MCL 30.401 *et seq.*, and Michigan's Emergency Powers of the Governor Act of 1945 ("EPGA"), MCL 10.31 *et seq.*, and in response to the COVID-19 pandemic, Governor Whitmer declared a state of emergency. *See In re Certified Questions From United States Dist. Court, W. Dist. of Michigan, S. Div.*, --- N.W.2d ---, 2020 WL 5877599, at *4 (Mich. Oct. 2, 2020). Over the next few months, Governor Whitmer used her powers under the EMA and EPGA to issue a series of executive orders that, *inter alia*, placed various restrictions on fitness centers and indoor gyms.

Plaintiffs subsequently filed a complaint in the United States District Court for the Western District of Michigan seeking a declaratory judgment that Governor Whitmer's orders were unlawful, and to enjoin Governor Whitmer and Director Gordon from enforcing the orders or issuing future similar orders. Plaintiffs filed a Motion for a Preliminary Injunction on June 8, 2020, and on June 19, 2020, the district court granted Plaintiffs a preliminary injunction.

Defendants appealed the district court's preliminary injunction, and also moved the district court for a stay pending appeal. On June 22, 2020, the district court denied Defendants' motion for a stay pending appeal. Defendants then filed a motion with this Court requesting a stay pending appeal, which a panel of this Court granted on June 24, 2020. *See League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 130 (6th Cir. 2020) (order).

## DISCUSSION

Two subsequent events have led Plaintiffs and Defendants to agree that this appeal should be dismissed as moot. First, on September 3, 2020, Governor Whitmer issued a new executive order that lifted the prior restrictions on indoor fitness facilities. Second, on October 2, 2020, the Supreme Court of Michigan held that Governor Whitmer "lacked the authority to declare a 'state

of emergency' or a 'state of disaster' under the EMA after April 30, 2020, on the basis of the COVID-19 pandemic" and that "the EPGA is in violation of the Constitution of our state." *In re Certified Questions*, --- N.W.2d ---, 2020 WL 5877599, at *24; *see also House of Representatives v. Governor*, 949 N.W.2d 276, 276 (Mich. 2020) ("As stated in *In re Certified Questions*, the Emergency Powers of the Governor Act is incompatible with the Constitution of our state, and therefore, executive orders issued under that act are of no continuing legal effect.").

"Article III of the United States Constitution limits the federal judicial power to 'Cases' and 'Controversies.'" *Radiant Glob. Logistics, Inc. v. Furstenau*, 951 F.3d 393, 395 (6th Cir. 2020) (citing U.S. Const. art. III, § 2, cl. 1). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Therefore, "[i]f events occur during the case, including during the appeal, that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party,' the appeal must be dismissed as moot." *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)); *see also Ermold v. Davis*, 855 F.3d 715, 718–19 (6th Cir. 2017); *McPherson v. Mich. High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc).

Because the challenged executive orders have been rescinded by Governor Whitmer, we cannot grant any effectual relief to the parties. *See Radiant*, 951 F.3d at 396 ("We cannot turn back the clock on the preliminary injunction and thus have no way to grant relief . . ."). To be sure, "[i]t is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v.*

Case No. 20-1581, *League of Independent Fitness Facilities, et al. v. Whitmer, et al.*

*Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982)); *see also Speech First, Inc. v. Schlissel*, 939 F.3d 756, 768 (6th Cir. 2019). However, voluntary cessation will moot a case when "subsequent events [make] it absolutely clear that the allegedly wrongful behavior [cannot] reasonably be expected to recur." *Friends of the Earth, Inc.*, 528 U.S. at 189 (quoting *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This is such a case. Even if Governor Whitmer wanted to reenact the challenged executive orders, the Supreme Court of Michigan has held that she lacks such authority. Therefore, this appeal is moot, and we lack jurisdiction to consider the merits of Plaintiffs' request for a preliminary injunction.

Defendants also request that we vacate the district court's opinion granting the preliminary injunction. "Whether any opinion should be vacated on the basis of mootness is an equitable question." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 484 (6th Cir. 2004) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994)). Particularly for civil cases that have reached final judgment in the district court, when the case "becomes moot pending appellate adjudication," we sometimes "vacate the judgment below and remand with a direction to dismiss." *Id.* at 484–85 (quoting *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950)) (vacating a summary judgment decision that was rendered moot pending appellate resolution). But there is far less concern over any preclusive effect of a district court's decision "when the mooted appeal is of a preliminary injunction in an ongoing litigation—as is the case here—because a preliminary injunction has no preclusive effect." *Radiant*, 951 F.3d at 397 (cleaned up); *see also Ohio A. Philip Randolph Inst. v. Larose*, 761 F. App'x 506, 513 n.4 (6th Cir. 2019) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case" (quoting

- 4 -

Case No. 20-1581, *League of Independent Fitness Facilities, et al. v. Whitmer, et al.*

*Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011)). Accordingly, we decline to vacate the district court's opinion.

## CONCLUSION

For the reasons stated above, we **DISMISS** the appeal for lack of jurisdiction and express no view on the merits of the district court's decision.