UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEAGUE OF INDEPENDENT FITNESS FACILITIES )
AND TRAINERS, INC., et al.,                )
              Plaintiffs,                )
                                )    No. 1:20-cv-458
-v-                                         )
                                )    Honorable Paul L. Maloney
GRETCHEN WHITMER and                        )
ROBERT GORDON,                              )
              Defendants.                )
                                )

## OPINION

This matter is before the Court on Plaintiffs' motion to amend their complaint (ECF No. 58) and Defendants' motion to dismiss (ECF No. 41). For the reasons to be explained, the motion to amend will be denied and the motion to dismiss will be granted.

## I.

This case exists, as so many do, because of the coronavirus pandemic. From March 2020 until October 2020, Michigan Governor Gretchen Whitmer issued a multitude of Executive Orders related to the pandemic, relying on the powers granted to her in Michigan's Emergency Management Act of 1976, M.C.L. § 30.401 *et seq.* ("EMA"), and Michigan's Emergency Powers of the Governor Act of 1945, M.C.L. § 10.31 *et seq.* ("EPGA"). But on October 2, 2020, the Michigan Supreme Court struck down Governor Whitmer's Covid-19 Executive Orders, holding that the orders issued after April 30, 2020 lack any basis under Michigan law. *In re Certified Questions from United States District Court,* --- N.W.2d --- 2020 WL 5877599 (Mich. 2020). Thus, Governor Whitmer's Executive Orders no longer

have force. Since the Michigan Supreme Court's decision, Former Michigan Director of Health and Human Services Robert Gordon[1] promulgated similar rules, finding his authority in a different provision of Michigan Law: M.C.L. § 333.2453.

Plaintiffs in this case are individual companies that own and operate fitness businesses in Michigan, as well as the League of Independent Fitness Facilities and Trainers, Inc., ("LIFFT"), which is a trade organization that represents over 150 fitness facilities throughout the state. On May 22, 2020, they filed this lawsuit, alleging that Defendants are violating several of their constitutional rights by forcing them to keep their businesses closed (ECF No. 1). On June 1, 2020, Plaintiffs filed a first amended complaint (ECF No. 16). On June 8, 2020, Plaintiffs moved for a preliminary injunction, seeking to enjoin Defendants from enforcing two Emergency Orders to the extent that those Orders required Plaintiffs to keep their indoor fitness facilities closed (ECF No. 32). After hearing oral argument on the motion, the Court granted Plaintiffs' request (ECF No. 42). Defendants immediately appealed and sought an emergency stay, which the Sixth Circuit granted. *League of Independent Fitness Facilities and Trainers, Inc. v Whitmer*, 814 F. App'x 125, 130 (6th Cir. 2020) (order) ("*LIFFT I*"). On February 3, 2021, the Circuit found that the issues presented in that appeal were moot and dismissed it for lack of jurisdiction. *League of Independent Fitness Facilities and Trainers, Inc. v. Whitmer*, --- F. App'x ---, 2021 WL 387030, at *2-3 (6th Cir. 2021) ("*LIFFT II*").

---

[1] Elizabeth Hertel has replaced Robert Gordon as the Director of Health and Human Services. She is automatically substituted as a party here. Fed. R. Civ. P. 25(d).

2

While that appeal was pending, Defendants have filed a motion to dismiss (ECF No. 41) and Plaintiffs filed a motion for leave to file a second amended complaint (ECF No. 58). Plaintiffs seek to change the scope of their complaint from Governor Whitmer's Emergency Orders to Director Gordon's Orders and the scope of his authority under M.C.L. § 333.2453.

## II.

The Court will first consider Plaintiffs' motions to amend. First, Plaintiffs may not amend their complaint as a matter of right because the motion was filed more than 21 days after Defendants answered the first amended complaint. Fed. R. Civ. P. 15(a)(1). And Plaintiffs' proposed amended complaint does not relate back to the original pleading. An amendment relates back if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). When an amendment does not relate back, it is a supplemental pleading, not an amended pleading. The Court may, "on just terms, permit a party to serve a supplemental pleading." Fed. R. Civ. P. 15(4). Whether a party may file a supplemental pleading is within the discretion of the district court. *Schuckman v. Rubenstein*, 164 F.2d 952, 958 (6th Cir. 1947). The Court need not permit a plaintiff to bring a "different cause of action against a different defendant" by way of a supplemental pleading. *Id.* at 959; *see also Mitchell v Clayton*, No. 13-cv-11620, 2014 WL 186026, at *1 (E.D. Mich. Jan. 16, 2014) ("A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action.").

Plaintiffs first and first amended complaints concern Governor Whitmer's actions before May 22, 2020; The proposed second amended complaint concerns Director Gordon's conduct between October 3 and October 28, 2020. Plaintiffs initially challenged Governor Whitmer's actions by alleging that the EMA and the EPGA were unconstitutional; they now seek to challenge Director Gordon's actions by alleging that M.C.L. § 333.2453 is unconstitutional. The Court finds that these claims are separate and distinct. They concern actions separated by nearly six months in time; challenge different defendants; and raise different questions of statutory interpretation. Put simply, the proposed amended complaint has no connection to the claims Plaintiffs originally asserted against Governor Whitmer. The Court concludes that Plaintiffs may not change the scope of their case so drastically. Accordingly, the Court will deny the motion to amend.

### III.

That leaves Defendants' motion to dismiss Plaintiffs' first amended complaint. The Court finds that the issues presented in that complaint are no longer live, so the case must be dismissed as moot.

Article III of the Constitution restricts the power of federal courts to "Cases" and "Controversies." When the issues presented are no longer live, or when the parties lack a legally cognizable interest in the outcome, a lawsuit presents no case or controversy and becomes moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). A case is moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (cleaned up).

Generally, the legislative repeal of a statute renders a case challenging that statute moot. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 644 (6th Cir. 1997). The same is true for Executive Orders: when "temporary restrictions" in an executive order expire before a court acts, the lawsuit challenging those executive orders is rendered moot. *Trump v. Int'l Refugee Assistance*, 138 S. Ct. 353 (2017) (Mem.). Further, in a suit against the State or a state official acting in his or her official capacity, the Eleventh Amendment bars the award of retrospective relief, including injunctive relief regarding a law whose challenged portion is no longer in effect. *See Green v. Mansour*, 474 U.S. 64, 73 (1985) ("There is no claimed continuing violation of federal law, and therefore no occasion to issue an injunction.").

Such is the case here. The challenged Executive Orders were set aside by the Michigan Supreme Court in *Certified Questions*, so Plaintiffs have already received the relief they seek. There is no alleged ongoing violation of federal law, so this Court cannot issue any injunctive relief in their favor. In turn, there is no longer a case or controversy for the Court to decide. *See LIFFT II*, 2021 WL 387030, at *2. The case is moot, and Defendants' motion to dismiss must be granted.

### IV.

The Court finds that Plaintiffs may not file their proposed supplemental pleading, so the motion for leave to amend must be denied. The operative complaint presents issues that are now moot, so Defendants' motion to dismiss will be granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend (ECF No. 58) is **DENIED**.

6

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (ECF No. 41) is **GRANTED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  March 3, 2021                                                      /s/ Paul L. Maloney
                                                                                        Paul L. Maloney
                                                                                        United States District Judge